# In Re a MINOR CHILD

High Court of American Samoa
Trial Division

JR 133-90
November 24, 1993

Before KRUSE, Chief Justice, AFUOLA, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Petitioners, Roger K. Hazell

Opinion and Order on Petition to Terminate Parental Rights:

The natural mother of the male child before the court is the sister of the proposed adoptive mother. They had agreed prior to the birth of the child that the natural mother would, upon birth, surrender the child to the proposed adoptive mother and her husband to raise as their own. The child, who is now seven years of age, has been raised and cared for by the proposed adoptive parents since birth. The adoption of the child is highly recommended by the Child Protective Services, Social Services Division of the Department of Human Resources.

This matter was first initiated by the natural parents, who filed their petition to relinquish their parental rights to the child on November 6, 1990, pursuant to A.S.C.A. § 45.0115(a)(5). However, since the filing of their petition, the natural parents moved to the mainland, and their petition remains pending as of this date.

One year later, the proposed adoptive parents filed their own petition, under the same docket number, to terminate the parental rights of the natural parents, pursuant to A.S.C.A. § 45.0115(a)(3). With the filing of the subsequent petition, the natural parents filed a form acknowledging service of the proposed adoptive parents' petition, giving their consent to the termination of their parental rights in the child and waiving any right to further notice of the proceedings. It is this latter petition by the proposed adoptive parents which is now before the court.

■ The petition of the proposed adoptive parents is not supported by the evidence presented. Termination proceedings under § 45.0115(a)(3) "may <u>only</u> [be had] when the child has been neglected by his parents or is homeless." *In Re Three Minor Children*, 3 A.S.R.2d 4, 7 (1986) (emphasis in original); A.S.C.A. §§ 45.103(19), 45.0401(1). Here the evidence simply does not demonstrate that the child before the court is "dependent and neglected" under any of the definitions provided in A.S.C.A. § 45.0103(19). The petition for termination should, therefore, be denied.[1]

It is so ordered.

_____

[1] In contrast to relinquishment proceedings, under A.S.C.A. § 45.0115(a)(5), which are voluntary in nature and wherein the natural parents are the petitioners, termination proceedings, A.S.C.A. § 45.0115(a)(3), are adversarial in nature with the natural parents being the respondents. *In Re Two Minor Children*, 8 A.S.R.2d 75 (1988).

What the evidence points to here is a situation of voluntary relinquishment and quite obviously the apparent purpose behind the filing of the subsequent petition by the proposed adoptive parents was to avoid the necessity of requiring the attendance of the absent natural parents--the natural parents' attendance at relinquishment proceedings is effectively required by A.S.C.A. § 45.0402. *See In Re Three Minor Children, supra*; DCR 23.